**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Joe Hand Promotions, Inc., ) | |
| ) | Civil Action No: 4:20-cv-02138-SAL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ANSWER** |
| Gardner's Sports Bar, Inc. d//b/a ) | |
| Gardner's Sports Bar, and William ) | |
| B. Gardner ) | |
| Defendants. ) | |
| _____) | |

Defendants Gardner's Sports Bar, Inc., d/b/a Gardner's Sports Bar (hereinafter "Bar") and William B. Gardner (hereinafter "Gardner" when referred to individually and "Bar" collectively referred to as the "Defendants"), answering the Complaint of the Plaintiff herein, would respectfully allege and show unto this Honorable Court as follows:

**FOR A FIRST DEFENSE**

1.     That each and every allegation contained in the Complaint not herein below admitted, denied or qualified is hereby denied and strict proof thereof is demanded.

**AS TO JURISDICTION**

2.     Defendants admit the allegations of paragraphs one (1) through three (3) of Plaintiff's Complaint.

3.     Defendants admit so much of paragraph four (4) of the Plaintiff's Complaint that alleges that this Court has personal jurisdiction over the parties. Defendants deny the remaining allegations contained therein and demand strict proof of the same.

1

## AS TO VENUE

4. Defendants admit so much of paragraph five (5) of the Plaintiff's Complaint that alleges that venue is proper in this Court. Defendants deny the remaining allegations contained therein and demand strict proof of the same.

## AS TO THE REMAINING ALLEGATIONS

5. That each and every allegation contained herein above is reiterated herein as fully as if set forth herein verbatim.

6. Defendants do not have personal knowledge regarding the allegations contained in paragraphs seven (7) through nine (9) of the Complaint and would therefore deny same and demand strict proof thereof.

7. Defendants admit those allegations of paragraph ten (10) of the Plaintiff's Complaint which allege that the Defendants had the opportunity to purchase authorization to exhibit each of the Programs in the Establishment for a fee. The remaining allegations contained in that paragraph are denied and strict proof is demanded thereof.

8. Defendants deny the allegations of paragraphs eleven (11) through fourteen (14) of the Plaintiff's Complaint and strict proof thereof is demanded.

## AS TO THE SATELLITE PIRACY/CABLE PIRACY ALLEGATIONS

9. That each and every allegation contained herein above is reiterated herein as fully as if set forth herein verbatim.

10. Defendants deny the allegations contained in paragraphs sixteen (16) through eighteen (18) and demand strict proof thereof.

**FOR A SECOND DEFENSE**

11.     All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

12.     Plaintiff's Complaint in whole or in part fails to state claims against the Defendants upon which relief can be granted and accordingly should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

13.     All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

14.     Defendants allege that the Plaintiff has failed to mitigate its damages.

**FOR A FOURTH DEFENSE**

15.     All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

16.     Defendants are informed and believe that any wrongdoing alleged by Plaintiff, the same being denied, falls under the exceptions outlined in 47 U.S.C. § 605(b)(2)(A) and/or 47 U.S.C. § 605 (b)(2)(B).

**FOR A FIFTH DEFENSE**

17.     All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

18.     To the extent that it is found by the Court that Defendants did in fact violate the aforementioned code section as alleged in Plaintiff's Complaint, the same being denied, Defendants are informed and believe and would show unto the Court that their acts and/or omissions were not intentional and therefore any civil penalty should be reduced in accordance

with 47 U.S.C. § 605(e)(3)(C)(iii).

19.	As to this Defense, the Defendants would further assert that the DISH account providing cable services to the Establishment was provided to the Establishment as being the proper type of account for same. However, it now appears that the Establishment was actually sold a "residential account" rather than a "commercial account" and as a result, this situation occurred unintentionally.

20.	Additionally, Defendants would allege that the account holder for the Establishment did pay the advertised fee for one of the events referenced in the Complaint and as a result, there should is no liability for any purported misconduct as it relates to this Event.

## FOR A SIXTH DEFENSE

21.	All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

22.	As it relates to this case, the individual Defendant, William B. Gardner, asserts that he is protected by the corporate shield.

## FOR A SEVENTH DEFENSE

23.	All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

24.	Defendants allege that the Plaintiff's claims, to the extent they are equitable in nature, are barred by the doctrine of unclean hands.

## FOR AN EIGHTH DEFENSE

25.	All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

26. The Defendants allege that any damages sustained by the Plaintiff, if any, were due to and caused by the negligent, reckless, willful, wanton, careless, grossly negligent, deceitful, and/or fraudulent acts or omissions of some person or entity over whom the Defendants exercise no authority or control, for which reason the Defendants are not liable to the Plaintiff for any sum whatsoever.

## FOR A NINTH DEFENSE

27. All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

28. To the extent that the acts of the Defendants violated the Communications Act of 1934 or the Cable and Television Consumer Protection and Competition Act of 1992, which is admitted solely for purposes of this defense and no other, the Defendants were not aware of and had no reason to believe that their actions constituted a violation of these Acts.

29. Additionally, as to this Defense, the Defendants would respectfully assert that they believed their actions were legal and valid per their conversations with the individuals responsible for providing DISH cable television to the Establishment.

## FOR A TENTH DEFENSE

30. All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

31. Defendants assert that an award of damages contemplated in 47 U.S.C. § 605(e)(C)(ii) and 47 U.S.C. § 553(c)(3)(B) are punitive in nature. The Plaintiff is not entitled to an award of punitive damages because, among other reasons, such damages violate the Fifth and Fourteenth Amendments of the United States Constitution in that:

(a) The Federal judiciary's ability to correct a punitive damages award at the appellant level is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) To the extent and award of punitive damages is excessive, such award violates due process guarantees;

(d) The court's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

(f) The Plaintiff's claims for punitive damages violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article, I, Section 3 of the South Carolina Constitution, in that the amount of punitive damages is based upon the wealth and status of the Defendants.

**FOR AN ELEVENTH DEFENSE**

32. All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

33. Defendants assert that the counts enumerated in the Complaint should be pled in the alternative and, if Plaintiff is entitled to any recovery, which is denied, it is not entitled to multiple recoveries against the Defendants. To the extent that it is found by this Court that

Defendants are in violation of the aforementioned code section and/or section(s), the same being denied, Defendants are informed and believe and would show unto this Court that Plaintiff is only entitled to recover under a single theory of liability.

## FOR A TWELFTH DEFENSE

34. All of the allegations set forth above are re-alleged and incorporated herein as fully and completely as if set forth verbatim below.

35. Defendants assert that an award of damages contemplated in 47 U.S.C. § 605(e)(C)(ii) and 47 U.S.C. § 553(c)(3)(B) are punitive in nature. To the extent that the Plaintiff's prayer for relief is deemed to be punitive in nature, Defendants deny that Plaintiff is entitled to same and affirmatively pleads the terms, conditions, procedures, standards and limitations of S.C. Code Ann., §15-32-510 through 15-32-540, as amended, as a defense to same.

WHEREFORE, having fully responded to the Plaintiff's Complaint, the Defendants respectfully request that this Honorable Court:

1. Dismiss each count of the Plaintiff's Complaint with prejudice;

2. Award the Defendants their expenses of litigation, including attorney's fees and costs against the Plaintiff; and

3. Grant the Defendants such other and further relief as to the Court deems just and proper.

                        **BARTH BALLENGER & LEWIS, L.L.P.**

By:     *s/Kevin M. Barth*
           KEVIN M. BARTH
           FEDERAL COURT I.D. # 1584
           POST OFFICE BOX 107
           FLORENCE, SC 29503
           Phone: (843) 662-6301
           EMAIL: kbarth@bbllawsc.com

**ATTORNEYS FOR DEFENDANTS**

July 10, 2020

Florence, South Carolina